# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIMITRI Z. STORM, | Case No. 1:24-cv-01274-BAM (PC) |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST PRIOR TO FILING SUIT |
| v. | |
| CSATF WARDEN, *et al.*, | |
| Defendants. | (ECF No. 1) |
| | **TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff Dimitri Z. Storm ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199–1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

In the complaint, Plaintiff alleges that unidentified CDCR officers interfered with or otherwise tampered with phone calls made from his tablet or otherwise disrupted, intercepted, or blocked his network connections. (ECF No. 1.) Specifically, Plaintiff alleges that certain calls made on or about October 17, 2024 were disrupted and intercepted. (*Id.* at 3–4.) Plaintiff further states that "There as of yet is no Administrative Grievance procedure for issues concerning CSATF STAFF interfering & disrupting (the GTL-TABLET-PHONE) as these officers are not known or present for identifying due to the fact that they work at a offsite location controlling (the GTL-TABLETS-Wifi) the network/connections etc. They are ("John Doe") right now until a subpoena for records identifies who they are—in summary right now there is no safeguards in place such as grievance procedures to address this." (*Id.* at 3 (text lightly edited).) The complaint is signed and dated October 18, 2024, one day after the phone calls at issue. (*Id.* at 5.)

Although Plaintiff alleges that no administrative grievance process is available because he does not know the names of the officers involved, the Court notes that the grievance process does not require the names of staff members, but requires only that a claimant "describe all information known and available to the claimant regarding the claim, including . . . names and titles of all involved staff members (or a description of those staff members) . . . to the best of the claimant's knowledge." Cal. Code of Regs., tit. 15, § 3482(c). In addition, while Plaintiff may not be aware of specific staff members involved in the alleged claims, Plaintiff also names the Warden of CSATF, the Secretary of CDCR, and the Governor of California as additional defendants to this action, and Plaintiff does not allege that he attempted to file administrative grievances against any of these known and identified individuals.

Based on the information provided, it appears Plaintiff filed suit prematurely without first exhausting his administrative remedies in compliance with the PLRA, section 1997e(a).

Accordingly, Plaintiff is HEREBY ORDERED to show cause within **twenty-one (21) days** from the date of service of this order why this action should not be dismissed, without prejudice, for failure to exhaust prior to filing suit. *See, e.g.*, *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014) (in rare cases where a failure to exhaust is clear from the face of the complaint, it may be dismissed for failure to state a claim); *Medina v. Sacramento Cty. Sheriff's Dep't*, No.

2:16-cv-0765 AC P, 2016 WL 6038181, at *3 (E.D. Cal. Oct. 14, 2016) ("When it is clear from the face of the complaint and any attached exhibits that a plaintiff did not exhaust his available administrative remedies before commencing an action, the action may be dismissed on screening for failure to state a claim."); *Lucas v. Dir. of Dep't. of Corrs.*, 2015 WL 1014037, at *4 (E.D. Cal. Mar. 6, 2015) (relying on *Albino* and dismissing complaint without prejudice on screening due to plaintiff's failure to exhaust administrative remedies prior to filing suit).

IT IS SO ORDERED.

Dated:   **October 23, 2024**          /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE