# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIMITRI Z. STORM,<br><br>    Plaintiff,<br><br> v.<br><br>CSATF WARDEN, *et al.*,<br><br>    Defendants. | Case No. 1:24-cv-01274-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Dimitri Z. Storm ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On October 23, 2024, the Court issued an order requiring Plaintiff to show cause, within twenty-one days, why this action should not be dismissed for failure to exhaust prior to filing suit. (ECF No. 8.) Plaintiff did not file a response, and the deadline to do so has expired.

**I. Legal Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C.

1

1 § 1915(e)(2)(B)(ii).

2 Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199–1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002).

In rare cases where a failure to exhaust is clear from the face of the complaint, it may be dismissed for failure to state a claim. *See, e.g.*, *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014); *Medina v. Sacramento Cty. Sheriff's Dep't*, No. 2:16-cv-0765 AC P, 2016 WL 6038181, at *3 (E.D. Cal. Oct. 14, 2016) ("When it is clear from the face of the complaint and any attached exhibits that a plaintiff did not exhaust his available administrative remedies before commencing an action, the action may be dismissed on screening for failure to state a claim."); *Lucas v. Dir. of Dep't. of Corrs.*, 2015 WL 1014037, at *4 (E.D. Cal. Mar. 6, 2015) (relying on *Albino* and dismissing complaint without prejudice on screening due to plaintiff's failure to exhaust administrative remedies prior to filing suit).

**II.    Discussion**

In the complaint, Plaintiff alleges that unidentified CDCR officers interfered with or otherwise tampered with phone calls made from his tablet or otherwise disrupted, intercepted, or blocked his network connections. (ECF No. 1.) Specifically, Plaintiff alleges that certain calls made on or about October 17, 2024 were disrupted and intercepted. (*Id.* at 3–4.) Plaintiff further states that "There as of yet is no Administrative Grievance procedure for issues concerning CSATF STAFF interfering & disrupting (the GTL-TABLET-PHONE) as these officers are not known or present for identifying due to the fact that they work at a offsite location controlling (the GTL-TABLETS-Wifi) the network/connections etc. They are ("John Doe") right now until a

subpoena for records identifies who they are—in summary right now there is no safeguards in place such as grievance procedures to address this." (*Id.* at 3 (text lightly edited).)  The complaint is signed and dated October 18, 2024, one day after the phone calls at issue.  (*Id.* at 5.)

As further explained in the Court's order to show cause, although Plaintiff alleges that no administrative grievance process is available because he does not know the names of the officers involved, the grievance process does not require the names of staff members, but requires only that a claimant "describe all information known and available to the claimant regarding the claim, including . . . names and titles of all involved staff members (or a description of those staff members) . . . to the best of the claimant's knowledge."  Cal. Code of Regs., tit. 15, § 3482(c).  In addition, while Plaintiff may not be aware of specific staff members involved in the alleged claims, Plaintiff also names the Warden of CSATF, the Secretary of CDCR, and the Governor of California as additional defendants to this action, and Plaintiff does not allege that he attempted to file administrative grievances against any of these known and identified individuals.

Based on the information provided, it appears clear from the face of the complaint that Plaintiff filed suit prematurely without first exhausting his administrative remedies in compliance with the PLRA, section 1997e(a).

### III.    Order and Recommendation

Accordingly, the Clerk of the Court is DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice, based on Plaintiff's failure to exhaust administrative remedies prior to filing suit.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by CM/ECF document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may**

**not be considered.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **December 3, 2024**              /s/ Barbara A. McAuliffe          
                                          UNITED STATES MAGISTRATE JUDGE